IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TERESA RENE WILCOX,**

       **Plaintiff,**

**v.**

                                    **CASE NO. 2:16-cv-00227**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Currently pending before the court are Plaintiff's Brief in Support of Complaint (ECF No. 16) and Defendant's Motion to Remand (ECF No. 17).  This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Defendant moves this Court for the entry of an order remanding this case to the Commissioner.

Defendant asserts that upon remand, the Appeals Council will direct an Administrative Law Judge (ALJ) to further develop the record and issue a new decision. Defendant represents that Claimant's counsel has no objection to the remand, except Plaintiff proposes that the remand order award attorney's fees under the Equal Access to Justice Act (EAJA), 28 USC § 2412(d)(1)(B). Defendant asserts that "The Commissioner's view is that while remand is appropriate, inclusion of a statement concerning Plaintiff's entitlement to an award under the EAJA in the stipulated remand Order is not appropriate" (ECF No. 17).

The EAJA defines final judgment as a judgment that is final and not appealable, and includes an order of settlement.  If the Plaintiff seeks a review of the ALJ's decision by the Appeals Council (AC) and the request is dismissed or denied, the ALJ decision becomes the final, binding decision of Defendant.   If the AC grants review, the decision following review becomes the final and binding decision of the secretary.  *See*, e.g., *Sullivan v. Hudson*, 109 S. Ct. 2248, 2255 (1989) ("there will often be no final judgment . . . until the administrative proceedings on remand are complete"); *Papazian v. Bowen*, 856 F.2d 1455, 1456 (9th Cir. 1988) (neither government nor court consider remand order to be requisite final judgment under EAJA); *Skip Kirchdorfer, Inc. v. United States*, 803 F.2d 711, 712 (D.C. Cir. 1986) ("[W]here the tribunal on remand must determine a significant part of the case, . . . a request for fees before the judgment on remand is generally premature. Any other position would result in piecemeal consideration of fee awards."); *Warner v. Bowen*, 648 F. Supp. 1409, 1410 (S.D. Fla. 1986) (order of remand to Secretary is not final judgment necessary to trigger 30-day filing period for attorney fees).

The undersigned respectfully recommends that the District Judge order remand of this matter to the Administrative Law Judge to further develop the record and issue a new decision. As remand is recommended, no final judgment[1] has been rendered.

The court proposes that the District Court find that Defendant has shown good cause for a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g).  It is hereby respectfully **RECOMMENDED** that the District Court **DENY** Plaintiff's Brief in Support of Complaint (ECF

---

[1]  Plaintiff has not submitted an application for EAJA fees. Pursuant to the EAJA, an application for attorney fees and other expenses is submitted within 30 days of a final judgment. Therefore, if the District Judge finds that an order to remand constitutes a final judgment, a determination on an award of attorney fees is premature.

2

No. 16), **GRANT** Defendant's Motion to Remand (ECF No. 17), reverse the final decision of the Commissioner, remand this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the District Judge John T. Copenhaver, Jr..   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

Enter:   January 12, 2017

Dwane L. Tinsley
United States Magistrate Judge

3